**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HANGZHOU SINO EAGLE YACHT CO. LTD.,
a Chinese corporation,

Plaintiff,

Case No. ________________

v.

EAGLE YACHTS, LLC, a Louisiana limited
liability company, and WILLIAM P. GASSEN,
an individual,

Defendants.
____________________________________/

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND CANCELLATION OF TRADEMARK REGISTRATION FOR FRAUD**

Plaintiff Hangzhou Sino Eagle Yacht Co. Ltd. ("Plaintiff"), by and through its undersigned counsel, hereby files this Complaint against Defendants Eagle Yachts, LLC, a Louisiana limited liability company, and William P. Gassen, an individual, and, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, alleges as follows:

1. This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), for trademark infringement and unfair competition under the common law of the State of Florida, and for cancellation of U.S. Trademark Registration No. 7,742,246 under 15 U.S.C. §§ 1064(3) and 1119 on the grounds that (a) the registration was obtained and

maintained by fraud on the United States Patent and Trademark Office ("USPTO"), (b) the application was *void ab initio*, and (c) the mark was abandoned.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and (b), and 15 U.S.C. §§ 1119 and 1121, because Plaintiff's claims arise under the Lanham Act. This Court has supplemental jurisdiction over Plaintiff's Florida common-law claims under 28 U.S.C. §§ 1338(b) and 1367(a) because those claims are joined with substantial and related claims under the trademark laws of the United States and form part of the same case or controversy.

3. This Court has personal jurisdiction over Defendants under Florida's long-arm statute, Fla. Stat. § 48.193(1)(a)(1), (2), and (6), and consistent with the Due Process Clause, because Defendants claim that, directly and through their agents, they have operated, conducted, engaged in, and carried on business in Florida; have committed tortious acts within Florida; and have caused injury within Florida arising out of acts or omissions outside Florida while products manufactured, sold, or marketed by Defendants were used or consumed within Florida in the ordinary course of commerce, trade, or use.

4. Defendants have affirmatively represented to the USPTO, in a filing verified by Defendant William P. Gassen under penalty of 18 U.S.C. § 1001, that they purposefully directed commercial activity under the EAGLE YACHTS mark into Florida, and that such Florida activity constitutes their use of the EAGLE

YACHTS mark in commerce. Specifically, in the Registrant's Response to Final Office Action and Request for Reconsideration filed November 13, 2025, in USPTO Proceeding No. 2025-102975R (the "Reexamination Response," a true and correct copy of which is attached as Exhibit 8), Defendants represented that:

a. a yacht bearing the EAGLE YACHTS mark, which Defendants call the "Eagle 86" (Hull Identification Number EYT26101I909), "was then imported into the United States (Florida)," and that this importation into Florida "constitut[ed] transportation in commerce regulable by Congress" for purposes of establishing Defendants' use of the EAGLE YACHTS mark (Ex. 8 at p. 11);

b. on April 8, 2011, Defendants sold the Eagle 86 to MAP 1 Delaware Inc. under a "Sales Invoice" bearing the EAGLE Yachts name and eagle logo and addressed to MAP 1 Delaware Inc., Attn: Joseph J. Padovano, 1221 Brickell Ave, Miami, Florida 33131 (Ex. 8, Exhibit D thereto); and

c. a second vessel that Defendants contend bears the EAGLE YACHTS mark, identified as "EYT 19-03" (Hull Identification Number EYT19003B303), was sold by Defendants on or about November 17, 2023, and in January 2024 was "removed . . . from Gulfport Mississippi to Florida," which Defendants characterize as "subsequent interstate transport" satisfying the use-in-commerce requirement of 15 U.S.C. § 1127 (Ex. 8 at 12).

5. Defendants therefore rely on the sale, importation, and transport of EAGLE YACHTS-branded goods into and within Florida as the very conduct that Defendants contend constitutes their use of the EAGLE YACHTS mark in commerce. Plaintiff's claims arise out of and relate to that same alleged use of the EAGLE YACHTS mark by Defendants.

6. Upon information and belief, Defendants advertise and offer yachts and yacht design and building services under the EAGLE YACHTS mark through the website located at eagleyachts.com, which is accessible in and directed to consumers in Florida, including by offering yachts for sale, inviting prospective purchasers to "Contact EAGLE Yachts," and stating "Brokers welcome," in a market in which Florida is among the largest centers of yacht sales and brokerage in the United States. To the extent Defendants actually offer services under the EAGLE YACHTS mark in Florida, Plaintiff's claims arise out of and relate to the same alleged use.

7. Plaintiff's AQUILA-branded boats are marketed and sold in this District and Division, and Plaintiff suffers injury here from Defendants' infringing conduct. Aquila USA Inc. is the exclusive licensee of AQUILA, its operations are based at 1744 North Belcher Road, Suite 150, Clearwater, Florida 33765, in this District and Division, and it handles domestic and global advertising and marketing of the AQUILA brand.

8. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events giving rise to Plaintiff's

claims occurred in this District, and because Defendants are subject to personal jurisdiction in this District with respect to this action.

## THE PARTIES

9. Plaintiff Hangzhou Sino Eagle Yacht Co. Ltd. ("Plaintiff" or "Sino Eagle") is a corporation organized under the laws of the People's Republic of China, having its principal place of business at Fuyang New & High Tech Park, Gaoqiao 81 Golf Avenue, Hangzhou, China 311402.

10. Upon information and belief, Defendant Eagle Yachts, LLC ("Eagle Yachts") is a limited liability company organized under the laws of the State of Louisiana, having a principal place of business at 141 Allen Toussaint Boulevard, Suite A2009, New Orleans, Louisiana 70124, and a record address with the USPTO of 427 Cedarwood Drive, c/o William P. Gassen, Mandeville, Louisiana 70471.

11. Upon information and belief, Defendant William P. Gassen ("Gassen") is an individual residing in the State of Louisiana. Gassen is the President, Manager, and Member of Eagle Yachts (Ex. 8, Verified Statement ¶ 1), and at all times material to the issues presented herein, was the principal of, as well as the conscious, active, and dominant force behind, the acts of Eagle Yachts complained of herein.

12. Gassen personally signed the application that matured into U.S. Trademark Registration No. 7,742,246, personally submitted the substitute specimen of use at issue, personally verified the Reexamination Response, personally executed the bills of sale on which Defendants rely, and, upon

information and belief, personally controls the content of the eagleyachts.com website and all use of the EAGLE YACHTS mark.

13. Collectively, Eagle Yachts and Gassen are referred to herein as "Defendants."

**PLAINTIFF AND ITS AQUILA MARKS**

14. Plaintiff is a boat and watercraft manufacturer who sells its goods globally, including throughout the United States.

15. Since at least as early as May 21, 2011, Plaintiff has used the mark AQUILA on and in connection with boats in United States commerce.

16. Plaintiff owns U.S. Trademark Registration No. 4,141,547 for the mark AQUILA for use on and in connection with boats in International Class 12 ("Plaintiff's Registration"). Plaintiff's Registration issued from an application filed on or before July 1, 2011, based on a first use in commerce date of at least as early as May 21, 2011. A true and correct copy of Plaintiff's Registration and its current USPTO status and title records is attached as Exhibit 1.

17. Plaintiff's Registration is valid, subsisting, and in full force and effect, and constitutes prima facie evidence of the validity of the AQUILA mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the mark in commerce on and in connection with boats under 15 U.S.C. § 1115(a). Plaintiff's Registration also provides constructive notice of Plaintiff's claim of ownership under 15 U.S.C. § 1072.

18. Plaintiff also owns the following allowed U.S. trademark applications (collectively, "Plaintiff's Applications"): AQUILA E-POWER, Serial No. 98/094,150, filed July 20, 2023, for "Boats; Catamarans; Yachts" in Class 12; and AQUILA E-SAIL, Serial No. 98/203,445, filed September 29, 2023, for "Boats; Catamarans" in Class 12.

19. In addition to its registered rights, Plaintiff owns common-law rights in the AQUILA mark and AQUILA-formative marks by virtue of its continuous use of those marks in United States commerce, including in Florida, on and in connection with boats, catamarans, and yachts since at least as early as May 21, 2011.

20. Collectively, Plaintiff's Registration, Plaintiff's Applications, and all common-law rights in the AQUILA mark and AQUILA-formative marks are referred to herein as "Plaintiff's AQUILA Marks."

21. Plaintiff has expended considerable sums marketing and promoting boats under Plaintiff's AQUILA Marks, and Plaintiff's AQUILA Marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality goods, and its goodwill.

22. "Aquila" is the Italian and Latin word for "eagle." Under the doctrine of foreign equivalents, the English translation of "AQUILA" is "EAGLE," and ordinary American purchasers familiar with Italian would translate AQUILA into its English equivalent, EAGLE.

## DEFENDANTS' EAGLE YACHTS APPLICATION AND REGISTRATION

23. Over twelve years after Plaintiff began using the AQUILA mark in United States commerce, on December 18, 2023 (the "Application Filing Date"), Eagle Yachts filed U.S. Trademark Application Serial No. 98/319,459 (the "EAGLE YACHTS Application") to register the mark EAGLE YACHTS in standard characters for "Yachts" in International Class 12. A true and correct copy of the EAGLE YACHTS Application is attached as Exhibit 2.

24. The EAGLE YACHTS Application was filed under Section 1(a) of the Trademark Act, 15 U.S.C. § 1051(a), and claimed a date of first use and first use in commerce of February 20, 2011.

25. Gassen signed the EAGLE YACHTS Application as the member/manager of Eagle Yachts, including a declaration under 18 U.S.C. § 1001 that the mark was in use in commerce on or in connection with the identified goods as of the Application Filing Date and that the specimen showed the mark as used on or in connection with the goods.

26. The claimed first-use date of February 20, 2011, predates the existence of Eagle Yachts. By Defendants' own account, Eagle Yachts was not organized as a limited liability company until February 28, 2011, and (according to Defendants) the EAGLE YACHTS name was not applied to any vessel until on or about March 15, 2011 (Ex. 8 at p. 11).

27. Upon information and belief, when Gassen executed the EAGLE YACHTS Application on December 18, 2023, he knew that Eagle Yachts had not

made bona fide use of the EAGLE YACHTS mark in United States commerce on or in connection with yachts as of the Application Filing Date.

28. The specimen submitted with the EAGLE YACHTS Application was a single screenshot from eagleyachts.com that did not show the EAGLE YACHTS mark affixed to a yacht and did not contain information necessary to order a yacht (the "First Specimen") (Ex. 2). Eagle Yachts described the First Specimen as "it's a website with the mark Eagle Yachts, also demonstrate of the work that we do. same words of we're applying for and the URL is https://eagleyachts.com/."

29. On July 24, 2024, the USPTO Examining Attorney correctly refused the First Specimen because it did not show the mark in use in commerce in connection with the identified goods.

30. On October 23, 2024, Gassen filed a substitute specimen on behalf of Eagle Yachts (the "Second Specimen"), described as "Photo of EAGLE Yacht One . . . a .pdf flyer of vessel (Yacht), clearly marked 'EAGLE Yachts'." Because the EAGLE YACHTS Application was filed under Section 1(a), the Second Specimen was submitted with a verification that it was in use in commerce at least as early as the Application Filing Date. A true and correct copy of the Second Specimen is attached as Exhibit 3.

31. The Second Specimen is titled "EAGLE Yachts – Eagle One – Prototype" and depicts a digitally rendered or manipulated image of a yacht rather than a photograph of a yacht sold or transported in commerce under the EAGLE YACHTS mark. The image itself calls the yacht a "prototype."

32. Facts concerning Eagle Yachts' own sales, transport, production, and use of the EAGLE YACHTS mark were uniquely within Eagle Yachts' and Gassen's knowledge. Upon information and belief, when Eagle Yachts submitted the Second Specimen on October 23, 2024, Gassen knew that the Second Specimen did not depict a yacht that had been sold or transported in United States commerce under the EAGLE YACHTS mark on or before the Application Filing Date.

33. On November 7, 2024, counsel for Plaintiff wrote to Defendants objecting to Defendants' use and registration of the EAGLE YACHTS mark and placing Defendants on actual notice of Plaintiff's AQUILA Marks. A true and correct copy of this letter is attached as Exhibit 4.

34. Between November 7, 2024, and December 20, 2024, Gassen communicated with Plaintiff's counsel regarding Defendants' alleged prior use. When asked to substantiate that use, Defendants provided a billboard advertisement, a Louisiana Secretary of State certificate of organization, a Manufacturer Identification Code, a bill of sale, and a 2011 Delaware certificate of registration of a 2009 boat bearing no reference to the EAGLE YACHTS mark. Defendants did not identify any invoice, customer order, shipping record, sales record, or photograph showing a yacht sold or transported in commerce under the EAGLE YACHTS mark. True and correct copies of these communications are attached as Exhibit 5.

35. A search of the Internet Archive's Wayback Machine shows that, as of August 7, 2020, the eagleyachts.com domain was not being used in connection

with the sale of boats. A true and correct copy of the Wayback Machine record is attached as Exhibit 6.

36. The sequence of events—including the refusal of the First Specimen for failure to show use in commerce, Eagle Yachts' subsequent submission of an image expressly labeled "Prototype" as a substitute specimen, Eagle Yachts' verification of use as of the Application Filing Date, and its later failure to identify any bona fide sale or transport of a yacht under the mark when asked to substantiate its claimed use—supports a reasonable inference that Eagle Yachts knowingly made false representations concerning use of the EAGLE YACHTS mark with the specific intent to obtain a registration to which Eagle Yachts knew it was not entitled.

37. On April 1, 2025, the USPTO issued U.S. Trademark Registration No. 7,742,246 for the mark EAGLE YACHTS for "Yachts" in Class 12 (the "EAGLE YACHTS Registration"). A true and correct copy of the EAGLE YACHTS Registration is attached as Exhibit 7.

**THE REEXAMINATION PROCEEDING AND DEFENDANTS' VERIFIED SUBMISSIONS**

38. On April 2, 2025, a petition for reexamination of the EAGLE YACHTS Registration was filed, and on June 4, 2025, the USPTO instituted Reexamination Proceeding No. 2025-102975R, requiring Eagle Yachts to provide evidence of use of the mark on yachts as of the Application Filing Date.

39. On October 10, 2025, the USPTO issued a final office action finding that Eagle Yachts "did not provide any evidence of sales of its goods to others before the relevant date," and that fifteen photographs of boats submitted by Eagle Yachts "may be fake or mocked-up because it consists of or comprises images of products that have been digitally created or altered to include the mark" (as quoted in Ex. 8 at p. 11).

40. On November 13, 2025, Gassen signed and filed the Reexamination Response on behalf of Eagle Yachts, together with a Verified Statement under 37 C.F.R. § 2.20 and 28 U.S.C. § 1746 in which Gassen declared that all evidence submitted "is authentic, accurate, and has not been altered, fabricated, or digitally manipulated to misrepresent the use of the EAGLE YACHTS mark" (Ex. 8, p. 111).

41. Upon information and belief, the evidence submitted with the Reexamination Response contains internal inconsistencies that cannot be reconciled with the representations Gassen verified, including, without limitation:

a. a U.S. Coast Guard bill of sale for the Eagle 86 reciting consideration of one dollar, alongside an EAGLE Yachts "Sales Invoice" for the same vessel, on the same date, reciting a price of $1,800,500 (Ex. 8, Exhibits C–D thereto);

b. Hull Identification Number EYT26101I909 for the Eagle 86, which under 33 C.F.R. § 181.25 encodes a September 2009 production date and 2009 model year under manufacturer identification code "EYT," which, upon information and belief, was not assigned to Eagle Yachts

until 2011, and which is inconsistent with Defendants' claim that the vessel was a previously abandoned build imported from France (Ex. 8, Exhibits A, C, E thereto);

c. Hull Identification Number EYT19003B303 for the EYT 19-03, which encodes a model year of 2003 for a vessel Defendants describe as model year 2023 (Ex. 8, Exhibit F thereto, at 1);

d. a purported 2011 French invoice from SNP Boat Service S.A. for lettering "EAGLE 86 – EAGLE YACHTS" on the Eagle 86, which applies a non-existent French value-added-tax calculation and which, upon information and belief, is not a genuine business record of that company (Ex. 8, Exhibit A thereto);

e. a declaration of a third-party witness, executed April 20, 2025, attesting to a photograph purportedly taken fourteen years earlier, which identifies a different port than Defendants' other evidence (Ex. 8, Exhibit B thereto); and

f. a screenshot of eagleyachts.com, whose only claimed indicator of date is a computer taskbar clock reading "12/7/2023," offering for sale a 49.90-meter vessel called "Eagle Blue" that, upon information and belief, Defendants did not own, build, or have authority to sell (Ex. 8, Exhibits N, N1 thereto).

42. On January 7, 2026, in reliance on the Reexamination Response and Gassen's Verified Statement, the USPTO terminated the reexamination proceeding without change to the EAGLE YACHTS Registration.

43. On January 26, 2026, Plaintiff's petition to cancel the EAGLE YACHTS Registration, Cancellation No. 92090712, was instituted before the Trademark Trial and Appeal Board, and that proceeding remains pending.

**DEFENDANTS' INFRINGING ACTS**

44. Defendants have allegedly used and are allegedly using the designation EAGLE YACHTS, together with a stylized eagle-wing logo (collectively, the "Infringing Mark"), on and in connection with yachts, yacht design and engineering, and the advertising, offering for sale, and sale of yachts, including through the eagleyachts.com website and third-party yacht sales listings. Examples of Defendants' purported use are shown in Exhibits 2, 3 and 8.

45. Defendants' alleged use of the Infringing Mark began, if at all, after Plaintiff's first use of the AQUILA mark on May 21, 2011, and after the filing of the application for Plaintiff's Registration. Plaintiff has priority over Defendants.

46. Alternatively, prior to the organization of Eagle Yachts on February 28, 2011, any use of the EAGLE YACHTS designation was allegedly made by Gassen individually, operating as "Eagle Yachts (in-organization)" (Ex. 8 at p. 11). Upon information and belief, Gassen personally adopted, used, and directed the use of the Infringing Mark, including through the eagleyachts.us and

eagleyachts.com domains, in his individual capacity, and any such use did not inure to the benefit of Eagle Yachts.

47. At all times after the organization of Eagle Yachts, Gassen authorized, directed, controlled, ratified, participated in, and was the moving, active, conscious force behind Eagle Yachts' alleged use of the Infringing Mark, and personally committed the acts of infringement alleged herein, including by publishing the Infringing Mark on the eagleyachts.com website, executing sales documents under the Infringing Mark, and seeking and maintaining federal registration of the Infringing Mark.

48. Upon information and belief, Gassen and Eagle Yachts have an actual or apparent partnership, have authority to bind one another in transactions with third parties, and exercise joint ownership or control over the Infringing Mark and the goods and services offered under it, such that Gassen is vicariously liable for the infringing acts of Eagle Yachts. Gassen also has the right and ability to supervise the infringing conduct of Eagle Yachts and a direct financial interest in that conduct.

49. Defendants' Infringing Mark is confusingly similar in sight, sound, meaning, connotation, and commercial impression to Plaintiff's AQUILA Marks, because AQUILA is the Italian and Latin equivalent of EAGLE, and the term YACHTS is generic for the goods and disclaimed in the EAGLE YACHTS Registration.

50. Defendants' goods are identical or closely related to the goods offered under Plaintiff's AQUILA Marks, are offered in the same channels of trade, including yacht brokers, dealers, boat shows, and online yacht marketplaces, and are offered to the same classes of purchasers, including in Florida.

51. Defendants' use of the Infringing Mark is without Plaintiff's consent or authorization.

52. Defendants have continued their use of the Infringing Mark with actual knowledge of Plaintiff's AQUILA Marks since at least November 7, 2024, and with constructive knowledge of Plaintiff's Registration since its issuance. Defendants' infringement is knowing, deliberate, and willful.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**
**(U.S. Reg. No. 4,141,547 – AQUILA)**
**(Against All Defendants)**

53. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 52 above as though fully set forth herein.

54. Plaintiff owns Plaintiff's Registration for the mark AQUILA for boats, which is valid, subsisting, and entitled to the presumptions of 15 U.S.C. § 1115.

55. Without Plaintiff's consent, Defendants have stated under the penalty of perjury that they have used and are using in commerce the Infringing Mark, a reproduction, copy, or colorable imitation of Plaintiff's registered AQUILA mark, in connection with the sale, offering for sale, distribution, and advertising of

yachts, which use is likely to cause confusion, to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1).

56. Gassen is jointly and severally liable with Eagle Yachts as the moving, active, conscious force behind Eagle Yachts' infringement. In the alternative, Gassen is vicariously liable for Eagle Yachts' infringement.

57. Defendants' acts have been committed willfully and with knowledge of Plaintiff's rights.

58. Defendants' acts have caused and, unless restrained, will continue to cause irreparable injury to Plaintiff and to the goodwill associated with Plaintiff's AQUILA Marks, for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116, including the rebuttable presumption of irreparable harm under 15 U.S.C. § 1116(a).

59. Plaintiff is entitled to recover Defendants' profits, Plaintiff's damages, enhanced damages, and costs under 15 U.S.C. § 1117(a), and, because this is an exceptional case, its reasonable attorneys' fees.

**COUNT II**
**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a)(1)(A))**
**(Registered and Common-Law AQUILA Marks)**
**(Against All Defendants)**

60. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 52 above as though fully set forth herein.

61. Plaintiff owns protectable rights in Plaintiff's AQUILA Marks, including common-law rights arising from Plaintiff's continuous use of the

AQUILA mark and AQUILA-formative marks in commerce since at least as early as May 21, 2011, which rights are prior to any rights of Defendants.

62. Defendants' purported use in commerce of the Infringing Mark on and in connection with yachts and related services, if it occurred as Defendants contend, constitutes a false designation of origin and a false or misleading representation of fact that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities, in violation of 15 U.S.C. § 1125(a)(1)(A).

63. Gassen is jointly and severally liable with Eagle Yachts as the moving, active, conscious force behind Eagle Yachts' infringement. In the alternative, Gassen is vicariously liable for Eagle Yachts' infringement.

64. Defendants' acts have been willful and have caused and, unless restrained, will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

65. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 and to monetary relief, costs, and, because this is an exceptional case, attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT III
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER FLORIDA COMMON LAW
## (Against All Defendants)

66. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 52 above as though fully set forth herein.

67. Independent of its registered trademark rights, Plaintiff owns common-law rights in Plaintiff's AQUILA Marks in Florida and throughout the United States, which rights are prior to any rights of Defendants.

68. Defendants' purported use of the Infringing Mark on and in connection with yachts and related services, including the sale, importation, and transport of EAGLE YACHTS-branded goods into Florida as alleged by Defendants, is likely to cause confusion as to the source, sponsorship, or affiliation of Defendants' goods and services, and constitutes trademark infringement and unfair competition under the common law of the State of Florida.

69. Gassen is jointly and severally liable with Eagle Yachts as the moving, active, conscious force behind Eagle Yachts' infringement. In the alternative, Gassen is vicariously liable for Eagle Yachts' infringement.

70. Defendants' acts have been willful and have caused and, unless restrained, will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Plaintiff has suffered damages in an amount to be proven at trial.

**COUNT IV**
**CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 7,742,246 FOR FRAUD ON THE USPTO**
**(15 U.S.C. §§ 1064(3) and 1119)**
**(Against Eagle Yachts, LLC)**

71. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 52 above as though fully set forth herein.

72. This Court has authority under 15 U.S.C. § 1119 to order the cancellation of registrations, in whole or in part, in any action involving a registered mark.

73. Plaintiff has a real interest in the cancellation of the EAGLE YACHTS Registration and a reasonable belief that it is damaged by that registration, because the EAGLE YACHTS Registration is confusingly similar to Plaintiff's AQUILA Marks, purports to grant Eagle Yachts prima facie exclusive rights in a mark for goods identical to Plaintiff's and impedes Plaintiff's use and registration of its AQUILA and AQUILA-formative marks.

74. On December 18, 2023, Eagle Yachts, through Gassen, represented to the USPTO in its verified Section 1(a) application that the EAGLE YACHTS mark was in use in commerce on or in connection with yachts as of the Application Filing Date, and that it had been in use since February 20, 2011.

75. On October 23, 2024, after the USPTO refused the First Specimen, Eagle Yachts, through Gassen, submitted the Second Specimen, an image expressly labeled "Prototype," and verified that the Second Specimen was in use in commerce at least as early as the Application Filing Date.

76. Upon information and belief, those representations made under oath were false. Eagle Yachts had not made bona fide use of the EAGLE YACHTS mark in the ordinary course of trade on or in connection with yachts sold or transported in commerce as of December 18, 2023; Eagle Yachts did not exist on February 20,

2011; and the Second Specimen did not depict a yacht sold or transported in commerce under the mark on or before the Application Filing Date.

77. Gassen, as the member/manager who signed the application and the Second Specimen verification, had personal knowledge of Eagle Yachts' sales, production, and use of the mark. Upon information and belief, Gassen knew the representations were false when made and he made them with the specific intent to deceive the USPTO into issuing a registration to which Eagle Yachts was not entitled. That intent is shown by, among other things, the claim of a first-use date preceding Eagle Yachts' existence, the substitution of a "Prototype" image after the refusal of the First Specimen, Defendants' failure to identify any bona fide sale when asked to substantiate their claimed use, and Gassen's subsequent verification of the internally inconsistent evidence described above.

78. The false representations were material. Bona fide use in commerce as of the filing date and an acceptable specimen are prerequisites to registration under Section 1(a), and the USPTO would not have issued the EAGLE YACHTS Registration absent those representations.

79. In addition, on November 13, 2025, Eagle Yachts, through Gassen, knowingly submitted the Reexamination Response and Verified Statement containing materially false representations, with the specific intent to deceive the USPTO into maintaining the EAGLE YACHTS Registration, and the USPTO relied on those representations in terminating the reexamination proceeding without change to the registration.

80. The EAGLE YACHTS Registration was obtained and maintained fraudulently and should be cancelled in its entirety under 15 U.S.C. §§ 1064(3) and 1119.

**COUNT V**
**CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 7,742,246 AS VOID AB INITIO**
**(15 U.S.C. § 1119)**
**(Against Eagle Yachts, LLC)**

81. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 52 above as though fully set forth herein.

82. This Court has authority under 15 U.S.C. § 1119 to order the cancellation of registrations, in whole or in part, in any action involving a registered mark.

83. Plaintiff has a real interest in the cancellation of the EAGLE YACHTS Registration and a reasonable belief that it is damaged by that registration, because the EAGLE YACHTS Registration is confusingly similar to Plaintiff's AQUILA Marks, purports to grant Eagle Yachts prima facie exclusive rights in a mark for goods identical to Plaintiff's and impedes Plaintiff's use and registration of its AQUILA and AQUILA-formative marks.

84. On December 18, 2023, Eagle Yachts filed the EAGLE YACHTS Application based on Section 1(a) of the Trademark Act.

85. A valid Section 1(a) application requires bona fide use of the applied-for mark in commerce on or in connection with the identified goods as of the filing date.

86. The application was signed by Gassen, as a member/manager of Eagle Yachts, and claimed a first use in commerce date of February 20, 2011.

87. Upon information and belief, and for the reasons alleged herein, Eagle Yachts had not used the EAGLE YACHTS mark in United States commerce in connection with any of the goods listed in the Registration as of the filing date of December 18, 2023.

88. Because the EAGLE YACHTS mark was not in use in commerce on the identified goods as of the Application Filing Date, and, upon information and belief, has never been in use in United States commerce in connection with the goods listed in the EAGLE YACHTS Registration, which is therefore *void ab initio*.

89. The EAGLE YACHTS Application was *void ab initio* and should be cancelled in its entirety under 15 U.S.C. §§ 1051 and 1119.

**COUNT VI**
**CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 7,742,246 AS ABANDONED**
**(15 U.S.C. §§ 1164 and 1119)**
**(Against Eagle Yachts, LLC)**

90. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 52 above as though fully set forth herein.

91. This Court has authority under 15 U.S.C. § 1119 to order the cancellation of registrations, in whole or in part, in any action involving a registered mark.

92. Plaintiff pleads abandonment in the alternative to its allegations that Eagle Yachts never made bona fide use of EAGLE YACHTS mark in United States commerce and that Eagle Yachts' Section 1(a) application was void ab initio.

93. If Eagle Yachts made any use of the EAGLE YACHTS mark sufficient to acquire trademark rights before the Application Filing Date, then, upon information and belief, Eagle Yachts thereafter discontinued such use in connection with yachts well before it filed the EAGLE YACHTS Application.

94. At least as of the December 18, 2023 Application Filing Date, and continuing through the present, Plaintiff has found no evidence that Eagle Yachts has made or resumed bona fide use of the EAGLE YACHTS mark in the ordinary course of trade on or in connection with yachts.

95. Upon information and belief, Eagle Yachts has abandoned whatever trademark rights it may have had in the EAGLE YACHTS mark in the United States by ceasing to use the mark in commerce in connection with the subject goods for at least three (3) years prior to the date of this action and without any intention to resume such use.

96. The circumstances alleged above support the inference that Eagle Yachts does not intend to resume any such bona fide use, including Eagle Yachts' failure, when directly asked to substantiate its asserted prior use, to identify a bona fide sale or transport of a yacht under the EAGLE YACHTS mark; the absence of evidence of ongoing commercial sales activity under the mark; and Eagle Yachts'

reliance on an image expressly labeled "Prototype" rather than evidence of a commercially sold or transported yacht.

97. Accordingly, to the extent Eagle Yachts ever acquired trademark rights in its Mark, Eagle Yachts has abandoned those rights by discontinuing use with an intent not to resume use, and the EAGLE YACHTS Registration is subject to cancellation under Sections 14(3) and 45 of the Trademark Act, 15 U.S.C. §§ 1064(3) and 1127.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendants, jointly and severally, and award the following relief:

a. a preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of the Court's order, from using EAGLE YACHTS, EAGLE, or any other mark, name, or designation confusingly similar to Plaintiff's AQUILA Marks on or in connection with boats, yachts, catamarans, or related goods and services, and from otherwise infringing Plaintiff's AQUILA Marks or unfairly competing with Plaintiff;

b. an order under 15 U.S.C. § 1119 directing the Director of the USPTO to cancel U.S. Trademark Registration No. 7,742,246 in its entirety, and directing the Clerk to certify the order to the Director;

c. an order under 15 U.S.C. § 1118 directing Defendants to deliver up for destruction all signage, labels, decals, advertising, and other materials bearing the Infringing Mark;

d. an order under 15 U.S.C. § 1116(a) requiring Defendants to file with the Court and serve on Plaintiff, within thirty days after entry of an injunction, a sworn report setting forth in detail the manner and form in which Defendants have complied with the injunction;

e. an accounting and award of Defendants' profits, and an award of Plaintiff's actual damages, enhanced as permitted by 15 U.S.C. § 1117(a);

f. damages under Florida common law in an amount to be proven at trial;

g. a finding that this is an exceptional case and an award of Plaintiff's reasonable attorneys' fees under 15 U.S.C. § 1117(a);

h. an award of costs and pre- and post-judgment interest; and

i. such other and further relief as the Court deems just and proper.

Dated: November 5, 2026

Respectfully submitted,

/s/ Ryan T. Santurri
Ryan T. Santurri
Fla. Bar No. 015698
rsanturri@allendyer.com
ALLEN, DYER, DOPPELT + GILCHRIST, P.A.
255 South Orange Avenue, Suite 1401
Orlando, Florida 32801
Telephone: (407) 841-2330
Facsimile: (407) 841-2343
Attorneys for Plaintiff
Hangzhou Sino Eagle Yacht Co. Ltd.

## INDEX OF EXHIBITS

1 – U.S. Reg. No. 4,141,547 (AQUILA) and TSDR status and title records

2 – EAGLE YACHTS Application, Serial No. 98/319,459, with First Specimen

3 – Second Specimen filed October 23, 2024

4 – Plaintiff's counsel's letter of November 7, 2024

5 – Correspondence with Gassen, November 7 – December 20, 2024

6 – Wayback Machine capture of eagleyachts.com, August 7, 2020

7 – U.S. Reg. No. 7,742,246 (EAGLE YACHTS)

8 – Reexamination Response and Verified Statement filed November 13, 2025